# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF PENNSYLVANIA

STEVEN BASILE, on behalf of            No: 1:15-CV-01518-YK
himself and all others similarly situated,

Plaintiff,                          CLASS ACTION

vs.                              JURY TRIAL DEMANDED

STREAM ENERGY PENNSYLVANIA, LLC;
STREAM ENERGY PENNSYLVANIA, LLC d/b/a     HONORABLE YVETTE KANE
STREAM ENERGY; STREAM ENERGY d/b/a
STREAM ENERGY PENNSYLVANIA, LLC,

Defendants.

## SETTLEMENT AGREEMENT

Subject to the approval of the Court, Plaintiff Steven Basile ("Plaintiff" or "Named Plaintiff"), acting individually and on behalf of the Settlement Class as defined herein, and Defendants Stream Energy Pennsylvania, LLC; Stream Energy Pennsylvania, LLC d/b/a Stream Energy; Stream Energy d/b/a Stream Energy Pennsylvania, LLC, ("Defendants"), enter into this Settlement Agreement ("Settlement Agreement" or "Agreement") as of this 27th day of December 2017. Plaintiff and Defendants are referred to herein as the "Parties" and each as a "Party."

## I.     RECITALS

A.      Plaintiff Steven Basile filed a Class Action Complaint against Defendants on June 9, 2015, captioned *Basile v. Stream Energy Pennsylvania, LLC, et. al.,* at Civil Action No. 2:15-cv-03204, in the United States District Court for the Eastern District of Pennsylvania. That action was subsequently transferred to this Honorable Court ("Court") on August 4, 2015 at Civil Action No. 1:15-cv-01518 (the "Litigation").

B.      On August 31, 2015, Defendants filed a motion to dismiss the Class Action Complaint challenging Counts II, III, and IV of the Complaint, and on May 31, 2016, Defendants filed a Motion for

Judgment on the Pleadings, Challenging Count I of the Complaint, both of which Plaintiff filed responses to.

C.      Plaintiff, in his response to Stream's Motion to Dismiss, stipulated to the dismissal of Counts II (breach of covenant of good faith and fair dealing) and III (declaratory judgment) which left only two counts remaining: Count I (breach of contract), and Count IV (violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 Pa. Cons. Stat. § 201-1, et seq. (the "CPL")).

D.      On September 6, 2016, the Court granted Stream's Motion to Dismiss and denied Stream's Motion for Judgment on the Pleadings. The only remaining claim is Plaintiff's Breach of Contract Claim against Stream.

E.      Discovery ensued, during which Defendants responded to written discovery and produced tens of thousands of pages of documents, which Plaintiff reviewed.  Plaintiff also took depositions of certain of Defendants' personnel with information relating to the case.

F.      The Parties subsequently engaged in arm's-length settlement negotiations, including a full-day mediation at JAMS in Philadelphia, PA on September 14, 2017, conducted by the Honorable Diane Welsh (Ret.).  At mediation, and as a result of these settlement negotiations, the Parties reached an agreement in principle on the settlement of this Litigation on behalf of the Parties and the Named Plaintiff.

G.      On October 17, 2017, the Parties executed a Memorandum of Understanding.

H.      The Parties recognize and acknowledge the benefits of settling the Litigation.  Plaintiff believes that the claims asserted in this Litigation have merit and that the evidence developed to date supports his claims.  Plaintiff's counsel has conducted an investigation into the facts and the law regarding the claims in this Litigation.  Despite his belief in the strengths of his case, Plaintiff is mindful of the problems of proof for, and possible defenses to, the claims in this matter.  Plaintiff further recognizes and acknowledges the expense and length of time that proceedings necessary to prosecute

this matter against the Defendants through trial, post-trial proceedings, and appeals would take. Counsel for Plaintiff has taken into account the uncertain outcome and risks of the Litigation, as well as the difficulties and delays inherent in the Litigation and the likelihood of protracted appeals. Among other things, Plaintiff has considered: (i) the risks posed by a likely motion for summary judgment by Defendants on the substantive claims and damages asserted by Plaintiff in this Litigation; and (ii) the difficulties faced by Plaintiff in certifying a class for claims such as those asserted by Plaintiff in this Litigation. Plaintiff believes that the terms and conditions set forth in this Settlement Agreement confer substantial benefits upon the Settlement Class. Based on their evaluation, Plaintiff and Plaintiff's counsel have determined that a settlement of the Litigation based on the terms and conditions set forth in this Settlement Agreement is fair, reasonable, and adequate, and in the best interests of Plaintiff and each member of the Settlement Class.

I.      Defendants maintain that no law has been violated, they have done nothing wrong, and they have several meritorious defenses to the claims asserted in these actions. Nevertheless, Defendants recognize the risks and uncertainties inherent in litigation, the significant expense associated with defending a putative class action, the costs of any appeals, and the disruption to their business operations arising out of burdensome and protracted litigation. Accordingly, Defendants believe that the Settlement set forth in this Agreement is likewise in their best interests.

J.      Defendants expressly deny any and all liability and/or wrongdoing with respect to any and all of the claims alleged in this Litigation and any similar proceedings and enter into this Settlement solely to compromise a disputed claim. Accordingly, any references to the alleged business practices of Defendants in this Settlement, this Agreement, or the related Court hearings and processes shall raise no inference respecting the propriety of those business practices or any other business practices of Defendants.

NOW, THEREFORE, in consideration of the agreements and releases set forth herein and other good and valuable consideration, and intending to be legally bound, the Parties agree that the Litigation be settled, compromised, and dismissed on the merits and with prejudice, without costs to the Parties except as provided herein, subject to the approval of the Court, on the following terms and conditions:

## II.   SETTLEMENT TERMS

### A.   Definitions

1.   "Action" means the lawsuit currently pending in the United States District Court for the Middle District of Pennsylvania captioned as Steven Basile, on behalf of himself and all others similarly situated, v. Stream Energy Pennsylvania, LLC; Stream Energy Pennsylvania, LLC d/b/a Stream Energy; Stream Energy d/b/a Stream Energy Pennsylvania, LLC, at docket number 1:15-CV-01518-YK.

2.   "Claim Deadline" means the last date on which a Claim Form may be submitted.  The Claim Deadline will be one hundred and eighty (180) days after the Preliminary Approval Date; however, if the applicable date falls on a weekend or federal holiday, then the Claim Deadline shall be the next day that is not a weekend or federal holiday.

3.   "Claim Form" means the form, substantially in the form attached hereto as Exhibit E, whether in electronic or "hard copy," that will be completed by Class Members and submitted to the Settlement Administrator in order to receive settlement benefits.

4.   "Class Counsel" means Jonathan Shub, Esq., of Kohn, Swift & Graf, P.C. and Troy M. Frederick, Esq., of Marcus & Mack, P.C.

5.   "Class Member" means a member of the Settlement Class who does not properly and timely elect to be excluded from the Settlement Class.

6.   "Class Period" means June 1, 2011 through the Preliminary Approval Date.

7.    "Complaint" means the Class Action Complaint filed on June 9, 2015.

8.    "Court" means the United States District Court for the Middle District of Pennsylvania.

9.    "Effective Date" means the date on which all of the following conditions are satisfied:

a.    Execution of this Agreement by the Named Plaintiff and Defendants;

b.    No Party has availed itself of any right to withdraw from, rescind, or terminate the Agreement pursuant to Section III.B.1 or III.C herein;

c.    Entry of the Final Approval Order by the Court approving the Settlement embodied in this Agreement;

d.    Entry of a judgment dismissing the Litigation with prejudice and against Plaintiff and as to all Class Members and without costs; and

e.    The passage of the earliest date on which: (i) the time for taking an appeal from the Final Approval Order and judgment has expired, with no appeal being filed; or (ii) if an appeal is taken, the highest court to which such appeal may be taken affirms the Final Approval Order and judgment or dismisses the appeal without, in either case, any material modification of the Final Approval Order that is unsatisfactory to the Parties;  provided, however, a modification or reversal on appeal of any amount of fees or expenses awarded by the Court to Class Counsel or of the Named Plaintiff Enhancement Award is not material and shall not prevent this Agreement from becoming final and effective if all other aspects of the Final Approval Order and judgment have been affirmed.

f.    Neither the provisions of Rule 60 of the Federal Rules of Civil Procedure nor the All Writs Act,  28 U.S.C. § 1651, shall be taken into account in determining the above-stated times.

10.     "Eligible Class Member" means a Class Member who has submitted a timely and proper Claim Form in accordance with the requirements set forth in this Agreement.

11.     "Fairness Hearing" or "Final Approval Hearing" means the hearing to be held by the Court, on notice to the Settlement Class, to consider final approval of the Settlement.   Class Counsel also may raise at this hearing their motion for approval of attorneys' fees and reimbursement of costs and expenses and the Named Plaintiff Enhancement Award; however, any order relating to Class Counsel's motion for approval of attorneys' fees and reimbursement of costs and expenses and the Named Plaintiff Enhancement Award shall be separate and apart from the Final Approval Order.  The Parties will ask the Court to schedule the Fairness Hearing not more than one hundred twenty (120) days from the Preliminary Approval Date.

12.     "Final Approval Order" means the Order granting final approval to the Settlement.  The Final Approval Order shall not be entered sooner than ninety (90) days after the appropriate officials have been served with notice of the Settlement in accordance with the Class Action Fairness Act of 2005, as codified at 28 U.S.C. § 1715(b).

13.     "Named Plaintiff Enhancement Award" means the monetary amount awarded by the Court to Named Plaintiff in recognition of the assistance provided by the Named Plaintiff in the prosecution of the Litigation, for which Class Counsel shall ask for an amount not to exceed Five Thousand Dollars ($5,000.00).

14.     "Preliminary Approval Date" means the date on which the Court enters the Preliminary Approval Order.

15.     "Preliminary Approval Order" means the Order granting preliminary approval of the Settlement, conditionally certifying the Settlement Class for the purposes set forth in this Agreement, and approving the form and manner of service of the Settlement Notice.

16.    "Released Claims" means and includes any and all manner of actions, causes of action, suits, accounts, claims, demands, controversies, judgments, obligations, injuries, damages and liabilities of any nature whatsoever, whenever or however incurred, including claims for costs, fees, expenses, penalties, and attorney's fees, whether class or individual, known or unknown, suspected or claimed, that Plaintiff, the Class Members, or any Class Member ever had, now has, or hereafter can, shall, or may have, directly, representatively, derivatively, or in any other capacity against any of the Released Persons, whether in law or equity or otherwise, arising out of or relating to any conduct, act, or omission of any of the Released Persons concerning any of the conduct or similar conduct alleged or that could have been alleged in this Litigation, or that relates to or arises out of the rates charged to customers in connection with Defendants' Variable Rate Electricity Plans in Pennsylvania.

17.    "Released Persons" means Defendants and all of their current and former parents, subsidiaries, affiliates, predecessors, successors, and assigns, and each of their respective, current, and former officers, directors, partners, owners, employees, agents, attorneys, and insurers.

18.    "Variable Rate Electricity Plan" means any and all variable rate electricity plans that were offered by Defendants to residential customers in Pennsylvania.

19.    "Settlement" means the settlement of the Litigation embodied in this Agreement.

20.    "Settlement Administrator" means Angeion Group, the entity jointly selected by the Parties to administer the Settlement.

21.    "Settlement Class" means for purposes of the Settlement and this Agreement:

All persons in the Commonwealth of Pennsylvania who were enrolled as a customer of Defendants and were on Defendants' Variable Rate Electricity Plan at any time during the Class Period.

Excluded from the Settlement Class are:  Defendants, any entities in which Defendants have a controlling interest, and any of their parents, subsidiaries, affiliates, officers, and directors; the presiding judge(s) in this case and her(their) immediate family; and any person who has previously

released claims against Defendants, including but not limited to persons who released claims against Defendants pursuant to the settlement of a complaint submitted to the Pennsylvania Public Utility Commission (PUC).

21. "Settlement Notice" is the notice to the Settlement Class that describes the Settlement and the Agreement that is substantially in the form attached hereto as Exhibit A and for which form and manner of service is approved by the Court.

22. "Time Periods" means each of the months an Eligible Class Member was enrolled as a customer of Defendants and was on a Variable Rate Electricity Plan. For purposes of this definition, an Eligible Class Member shall be considered to have been enrolled as a customer of Defendants on a Variable Rate Electricity Plan for a particular month if the Eligible Class Member was enrolled as a customer of Defendants on a Variable Rate Electricity Plan for at least one day of that month.

## B. Stipulation to Class Certification

The Parties stipulate that the requirements are satisfied and that the Settlement Class may be conditionally certified as a class pursuant to Fed. R. Civ. P. 23(a) and (b)(3) subject to Court approval and for settlement purposes only in accordance with the terms of this Agreement and without prejudice to Defendants' right to contest class certification in the event that this Agreement fails to become effective or is not fully implemented in accordance with its terms. If the Effective Date does not occur or this Agreement fails to be fully implemented, Defendants reserve all rights to object to any subsequent motion to certify any class in this Litigation, and no representation, concession, or stipulation made in connection with the Settlement or this Agreement shall be considered law of the case or an admission by Defendants or to have any kind of preclusive effect against Defendants or to give rise to any form of estoppel or waiver by Defendants in this Litigation.

Defendants reserve all rights to object to any motion to certify any class in any other proceeding, and no representation, concession, or stipulation made in connection with the Settlement or this

Agreement shall be considered an admission by Defendants or to have any kind of preclusive effect against Defendants or to give rise to any form of estoppel or waiver by Defendants in any other proceeding.

### C.  Class Counsel

The Parties agree, subject to Court approval, that Jonathan Shub of Kohn Swift & Graf, P.C. and Troy Frederick of Marcus & Mack, P.C. shall be appointed Class Counsel, for settlement purposes only in accordance with the terms of this Agreement and without prejudice to Defendants' right to contest the appointment in the event that this Agreement fails to become effective or is not fully implemented in accordance with its terms.  If the Effective Date does not occur or this Agreement fails to be fully implemented, Defendants reserve all rights to object to any subsequent motion to appoint class counsel in this Litigation.  Defendants reserve all rights to object to any motion to appoint class counsel in any other proceeding against Defendants, and no representation, concession, or stipulation made in connection with the Settlement or this Agreement shall be considered an admission by Defendants or to have any kind of preclusive effect against Defendants or to give rise to any form of estoppel or waiver by Defendants in any other proceeding.

### D.  Settlement Administration

Subject to oversight and regular reporting to the Parties, the Settlement Administrator will be responsible for notice to the Settlement Class and administration of claims of the Class Members, including:  (a) maintaining a database of names and addresses of the Settlement Class and Class Members; (b) comparing that database with a national change of address database; (c) prepaing and sending notices as approved or directed by the Court, including the Settlement Notice, each with an assigned unique claim number; (d) compiling contact information for and re-sending any notices returned as undeliverable; (e) developing and maintaining the website described in Section II.F; (f) the maintenance of a toll-free telephone number dedicated to the Settlement; (g) providing a blank Claim Form by mail or

e-mail to any Class Members who request one; (h) compiling a list of Eligible Class Members who submit timely and properly completed Claim Forms, either by mail or via the website, and verifying the accuracy and completeness of the Claim Forms; (i) communicating and coordinating with Defendants regarding Claim Forms submitted by Eligible Class Members, the Claims Information, and the Claims Payment Information.  Defendants will pay all reasonable and necessary costs for the Settlement Administrator to perform the duties set forth in this Section II.D.

     **E.**     **Notice**

The Parties agree to cooperate in drafting the Settlement Notice, ensuring that the Settlement Notice complies with the requirements of Fed. R. Civ. P. 23 and due process, and obtaining Court approval of the Settlement Notice.  Copies of the proposed Settlement Notice shall be filed with the motion for preliminary approval, which shall request Court approval of the form of the Settlement Notice and manner of service by first-class mail.  The Settlement Notice that will be mailed to Class Members shall be substantially in the form of Exhibit A attached hereto.  In addition, counsel for Defendants shall cause:  (1) a summary notice of the Settlement and the Fairness Hearing to be published once in an appropriate publication, as determined by the Settlement Administrator and as ordered by the Court, which shall be substantially in the form of Exhibit B attached hereto; and (2) a notice of the Settlement to be sent to the appropriate official(s) pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, each no later than 30 days after the Preliminary Approval Date, with the costs of such notice to be paid by Defendants.

No later than twenty-one (21) days prior to the Final Approval Hearing, the Settlement Administrator and Defendants shall certify to the Court compliance with the notice provisions of this Section II.E for which each was responsible.

     **F.**     **Website**

The Settlement Administrator will create and maintain a website that provides: (1) a copy of this Agreement, the long-form Settlement Notice, and certain selected pleadings and Court Orders from the Litigation; (2) the Settlement Administrator's contact information for claims administration purposes; (3) Class Counsels' contact information; (4) a method and form for the electronic submission of the Claim Form(s); and (5) a method for requesting the Claim Form(s) by mail or e-mail. The content on the website, including the method and form for the electronic submission of the Claim Form(s), shall be available to the public no later than fourteen (14) days after the Preliminary Approval Date.

### G.   Settlement Amounts

Eligible Class Members shall be entitled to payment as follows:

1.     A Settling Class member who was on Stream's Variable Rate Electricity Plan at any point between June 1, 2011 and February 29, 2015 (Time Period 1) will receive payment in the amount of 5% of all amounts he or she paid to Stream for service provided under the Variable Rate Electricity Plan during Time Period 1.

2.     A Settling Class member who was on Stream's Variable Rate Electricity Plan at any point between March 1, 2015 and the date of preliminary approval (Time Period 2) will receive payment in the amount of 2% of all amounts he or she paid to Stream for service provided under the Variable Rate Electricity Plan during time Period 2.

Not later than thirty (30) days prior to the Fairness Hearing, the Settlement Administrator shall provide to Defendants a list of Eligible Class Members who have submitted valid Claim Forms. Thereafter, the Settlement Administrator shall provide to Defendants a list of additional Eligible Class Members on a bi-weekly basis for the remainder of the Claim Period, and a final list of any additional Eligible Class Members not later than ten (10) days after the Claim Deadline. Not later than thirty (30) business days after receiving the final list of Eligible Class Members, Defendants shall provide to the

Settlement Administrator for each Eligible Class Member on that list the amount of monies paid to Defendants for Time Period 1 and Time Period 2 for which the Eligible Class Member was on a Variable Rate Electricity Plan (the "Claims Information").  Not later than fourteen (14) days after receiving the Claims Information, the Settlement Administrator shall calculate and provide to the Defendants the amount, if any, owed to each Eligible Class Member included in that Claims Information pursuant to the terms of the Settlement (the "Claims Payment Information").

Within thirty (30) days after receipt of the Claims Payments Information from the Settlement Administrator, Defendants, with the assistance of the Settlement Administrator if Defendants so desire, shall issue a check to each Eligible Class Member.  The check will be delivered to each Eligible Class Member at the address listed on each Eligible Class Member's Claim Form by first-class mail.  Each Eligible Class Member receiving a check shall have one hundred twenty (120) days from the date of mailing of the check within which to cash the check.  Upon the expiration of one hundred twenty (120) days from the date of mailing of the check, the check will become void, and the Eligible Class Member shall not be entitled to any payment.  The voiding of any such check by the passage of time as described in this Section II.G shall not invalidate any of the other provisions of this Agreement as to any Class Member, including the release in Section II.J.

### H.    Other Payments by Defendants

Defendants will not oppose or object to a request by Class Counsel for an award of attorneys' fees and costs in an amount not to exceed $1,050,000. This request is subject to approval by the Court, and the final amount awarded to Class Counsel by the Court will be paid by Defendants up to $1,050,000. The award of attorneys' fees and costs to Class Counsel is separate and apart from any amounts paid to Eligible Class Members and the Named Plaintiff Enhancement Award.  Defendants agree to pay the amount awarded by the Court to Class Counsel up to $1,050,000 within twenty (20) business days of the latest date of the following: (1) the Effective Date; (2) the date that the time for taking an appeal from

the order awarding the fees has expired, with no appeal being filed; or (3) if an appeal is taken from the order awarding the fees, the highest court to which such appeal may be taken affirms the order awarding the fees.  Notwithstanding anything contained in this Agreement that might be construed to the contrary, it is understood by the Parties and Class Counsel that attorneys' fees, costs and expenses, in the amount awarded by the Court up to $1,050,000, are the only such fees, costs and expenses that Defendants will pay in connection with this Settlement.

Defendants agree to pay the amount awarded by the Court to Named Plaintiff Steven Basile as the Named Plaintiff Enhancement Award up to $5,000 within twenty (20) business days of the latest date of the following: (1) the Effective Date; (2) the date that the time for taking an appeal from the order awarding the Named Plaintiff Enhancement Award has expired, with no appeal being filed; or (3) if an appeal is taken from the order awarding the Named Plaintiff Enhancement Award, the highest court to which such appeal may be taken affirms the order awarding the Named Plaintiff Enhancement Award.

The procedure for and the allowance or disallowance of any application for attorneys' fees and expenses and the Named Plaintiff Enhancement Award are matters separate and apart from the approval of the Settlement and shall be requested to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement and set forth in an order separate from the Final Approval Order.  Any order relating solely to an award of attorneys' fees and expenses or the Named Plaintiff Enhancement Award, or any reversal or modification thereof, shall have no effect on the Settlement and shall not operate to, or be grounds to, terminate or cancel the Settlement or to effect or delay the finality of the Final Approval Order or the judgment.  A reduction by the Court, on appeal or otherwise, of the attorneys' fees and costs requested by Class Counsel or the Named Plaintiff Enhancement Award requested is not considered material to this Agreement and shall not affect any other rights or obligations under this Agreement.

I.   Full and Final Settlement

The Parties agree that this action is being voluntarily settled after consultation with experienced legal counsel and that the terms of the Settlement were negotiated at arm's length and in good faith.  The Parties intend the Settlement to be a final and complete resolution of the Released Claims.  In order to effectuate that purpose, the Parties agree to cooperate with one another and use their best efforts to finalize and effectuate this Agreement, including, but not limited to, seeking the Court's approval of procedures (including the giving of the Settlement Notice and scheduling the Fairness Hearing under Federal Rules of Civil Procedure 23(c) and (e)) to obtain Final Approval of the Settlement and the judgment of final dismissal with prejudice of the Litigation.  The Parties further agree not to do anything to encourage any member of the Settlement Class to oppose or obstruct the Settlement or to opt out of the Settlement.

### J.      Release

Upon the Effective Date and without any further action by the Court or by any Party to this Agreement, Plaintiff and all of the Class Members and all of their administrators, executors, personal representatives, heirs, agents, attorneys, assigns, predecessors, and successors (collectively, the "Releasors"), for good and sufficient consideration, the receipt and adequacy of which is acknowledged, shall be deemed to, and shall, in fact, have remised, released, and forever discharged any and all of the Released Claims, which they, or any of them, had or has, or may in the future have or claim to have against the Released Persons.  After the Effective Date, the Releasors shall not seek, and are hereafter barred and enjoined from seeking, to recover from any Released Persons based, in whole or in part, upon any of the Released Claims or conduct at issue in the Released Claims.

Releasors also expressly waive and release upon the Effective Date any and all rights and benefits conferred by any provision, statute, regulation, rule, or principal of law or equity of any state or applicable jurisdiction that provides that a general release does not extend to claims which a person or creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.  The Releasors acknowledge that they are aware

that they may hereafter discover facts in addition to, or different from, those facts which they know or believe to be true with respect to the subject matter of this Agreement, but that it is their intention to release fully, finally, and forever all Released Claims, and in furtherance of such intention, this release shall be and remain in effect notwithstanding the discovery or existence of any such additional or different facts.

Upon the Effective Date, the Released Persons shall be deemed to have, and by operation of the Final Approval Order shall have, fully, finally, and forever released, relinquished, and discharged Plaintiff, the Settlement Class and Class Counsel from all claims, known or unknown, based upon or arising out of the institution, prosecution, settlement or resolution of (i) the Action or (ii) the Released Claims.

## III.   PROCEDURES FOR EFFECTUATING SETTLEMENT

### A.   Preliminary Approval

Promptly after the execution of this Agreement, Plaintiff will move the Court for an order preliminarily approving the Settlement, substantially in the form of the proposed order at Exhibit C hereto, and requesting that the Court do the following:

1.   Approve the form and content and manner of service of the Settlement Notice to be sent to the Settlement Class via mail, substantially in the form of Exhibit A to this Agreement, as described in Section II.E above;

2.   Approve the form and content of the publication notice, substantially in the form of Exhibit B, as described in II.E above;

3.   For purposes of this Settlement only, conditionally certify the Settlement Class pursuant to Federal Rule of Civil Procedure 23(a)(1)-(4) and (b)(3), appoint Plaintiff Steven Basile as the class representative for the Settlement Class, and appoint Class Counsel as counsel for the Settlement Class;

4.      Set the date of the Fairness Hearing, which shall be no later than one hundred twenty (120) days after the Preliminary Approval Date and shall be included in the Settlement Notice, and at which Plaintiff shall obtain entry of an order and final judgment, substantially in the form of Exhibit D hereto, which:

a.      approves the Settlement as fair, reasonable, and adequate within the meaning of Federal Rule of Civil Procedure 23(e) and directs the consummation of the Settlement according to its terms;

b.      directs that the Litigation be dismissed with prejudice and, except as provided herein, without costs;

c.      reserves exclusive and continuing jurisdiction over the Settlement, including the administration and consummation of the Settlement, to the Court; and

d.      approves the release of the Released Claims as specified herein as binding and effective as to all Class Members and permanently bars and enjoins such Class Members from asserting any Released Claims.

### B.      Treatment of Potential Opt Outs and Objectors

Subject to an Order of the Court so providing, the Parties agree that:

### 1.      Opt Outs

Any member of the Settlement Class, other than the Named Plaintiff, may elect to be excluded from this Settlement and from the Settlement Class by timely and properly opting out of the Settlement Class. Any member of the Settlement Class who desires to be excluded from the Settlement Class must give to the Settlement Administrator on or before the date specified in the Settlement Notice written notice of his election to be excluded,.

Any notice of exclusion shall include the following from the member of the Settlement Class seeking to be excluded:  (a) full name, (b) phone number, (c) current address, (d) address(es) at which

the person received service under the Defendants' Variable Rate Electricity Plan, (e) a statement that the person wishes to be excluded from the settlement, and (f) the signature of the person who wishes to be excluded from the settlement.

The last date to opt out of the Settlement Class will be seventy-five (75) days after the Preliminary Approval Date, subject to Court approval and inclusion in the Settlement Notice ("Opt-Out Deadline"). Any member of the Settlement Class who timely and properly opts out of the Settlement Class pursuant to the terms of this Agreement will not be bound by the terms of this Agreement, including any releases contained herein.

Named Plaintiff agrees not to opt out of this Settlement, but rather affirmatively to support entry of the Final Approval Order.  None of the Named Plaintiff, Class Counsel, Defendants, or Defendants' counsel shall in any way encourage any member of the Settlement Class to opt out or discourage any member of the Settlement Class from participating in this Settlement.  No later than fourteen (14) days after the Opt-Out Deadline, the Settlement Administrator shall provide Class Counsel and Defendants' Counsel with the percentage of the Settlement Class that has opted out of this Agreement (the "Opt-Out Percentage").  If fifteen (15) percent or more of the Settlement Class exercise the right to opt out of the Settlement Class, Defendants shall, in their sole discretion, have the right to rescind this Settlement Agreement by written notice to Class Counsel within ten (10) business days after receiving the Opt-Out Percentage from the Settlement Administrator.

### 2.    Objections

Any Class Member who wishes to object to the Settlement must file a written objection and/or a notice of intention to appear before the Court at the Fairness Hearing, and serve copies of the same on Class Counsel and counsel for Defendants, as set forth in the Settlement Notice.  All written objections must: (a) be clearly marked as "Written Objections to Settlement Agreement" in *Basile v. Stream Energy Pennsylvania, LLC*, Civil Action No. 1:15-CV-01518; (b) state the objector's full name,

address, and telephone number; (c) state the time period during which the objector purchased electricity from Defendants on a Variable Rate Electricity Plan (to the extent the objector can identify it); (d) set forth a brief statement regarding the nature of the objections; (e) state the reasons for the objections; (f) include copies of any papers that support the objections; (g) the objector's signature and verification under oath that the objector believes he/she is a Settlement Class member; and (h) if the objector wants to be heard at the Final Approval Hearing, state that the objector intends to appear at the Final Approval Hearing. If the objection is made through an attorney, the written objection must provide the attorney's name, address, email address, and telephone number.

The last day for Class Members to object to the Settlement and/or file a notice of intention to appear before the Court at the Fairness Hearing will be seventy-five (75) days after the Preliminary Approval Date.

Named Plaintiff agrees not to object to entry of the Final Approval Order of this Settlement, but rather affirmatively to support entry of the Final Approval Order.  None of the Named Plaintiff, Class Counsel, Defendants, or Defendants' counsel shall in any way encourage any Class Member to object to this Settlement.

### C.    Final Approval of the Court

Plaintiff shall file all motions and other filings in support of the request for a Final Approval Order no later than twenty-one (21) days prior to the date set for the Final Approval Hearing.  Plaintiff shall file all motions and other filings in support of the motion for approval of attorneys' fees and reimbursement of costs and expenses for Class Counsel and the Named Plaintiff Enhancement Award no later than sixty (60) days after the Preliminary Approval Date.

This Agreement and the Settlement embodied herein are subject to final approval by the Court.  If the Settlement is finally approved, the Court will enter a judgment dismissing all claims

against Defendants with prejudice.  Named Plaintiff waives any right to appeal or collaterally attack a Final Approval Order entered by the Court.

If this Agreement is not approved or if it is materially modified by the Court or upon appeal or remand, any Party may rescind this Agreement in its entirety by written notice to the Court and to counsel for the other Parties filed and served within ten (10) business days of the event triggering the right to rescind. If no Party timely elects to rescind, then the Parties shall remain bound to the Settlement as so modified. For purposes of this paragraph, a "material modification" is one that significantly affects the rights or obligations of one or more of the Parties.  Without limiting the foregoing and by way of illustration only, (a) any change to the scope of the Release set forth in this Agreement; (b) any change to the Final Approval Order, or (c) any increase in the cost of the Settlement to be borne by Defendants shall be deemed to be a material modification.  No order or action of the Court pertaining to attorneys' fees or expenses shall be considered to constitute a material modification so long as such order, action, or modification does not increase the cost of Settlement to be borne by Defendants and does not require that Defendants do anything not specifically set forth herein.  Similarly, no order or action of the Court pertaining to the Named Plaintiff Enhancement Award shall be considered to constitute a material modification so long as such order, action, or modification does not increase the cost of Settlement to be borne by Defendants and does not require that Defendants do anything not specifically set forth herein.  Any dispute as to the materiality of any modification or proposed modification of this Agreement shall be resolved by the Court.

### D.     Termination of Agreement

This Agreement shall terminate: (a) automatically if the Court fails to approve the Agreement; (b) at the timely election of any Party, in the event of any proposed material modification of this Agreement as a condition to approval of the Settlement, with the exception of proposed modifications to the Class Notice; (c) at the timely election of Defendants, in the event of any proposed material

modification of the Class Notice as a condition to approval of the Settlement; (d) at the timely election of Defendants, in the event of fifteen (15) percent or more of the Settlement Class opting out of the Settlement Class; or (e) prior to approval of this Agreement by the Court, upon the mutual agreement of the Parties by and through their respective counsel.

### E.    Effect of Termination of Agreement

If this Agreement is terminated, each Party shall return to his, her, or its respective status as of the date of execution of this Agreement, and the Parties shall proceed in all respects as if this Agreement had not been executed and any related orders had not been entered, preserving all of their respective claims and defenses.

## IV.    MISCELLANEOUS PROVISIONS

### A.    Costs

Except as otherwise provided in this Agreement, each Party shall bear its own costs and expenses.

### B.    Entire Agreement

This Agreement, together with the Exhibits hereto, constitutes the entire agreement between the Parties with respect to the subject matter of the Settlement and supersedes all prior negotiations, communications, memoranda, and agreements between the Parties.  Neither Named Plaintiff nor Defendants are entering into this Agreement in reliance upon any representations, warranties, or inducements other than those contained in this Agreement.

### C.    Amendments

This Agreement may be modified or amended only by a writing signed by the Parties or their counsel.

### D.    Extensions of Time

The Parties may jointly request that the Court allow reasonable extensions of time to carry out any of the provisions of the Agreement without formally amending this Agreement.

### E.    Plaintiff's Authority

Class Counsel represent and warrant that they are authorized to take all appropriate actions required or permitted to be taken by or on behalf of the Named Plaintiff and, subsequent to an appropriate Court Order, the Settlement Class or Class Members in order to effectuate the terms of this Agreement and are also authorized to enter into appropriate modifications or amendments to this Agreement on behalf of the Named Plaintiff and, subsequent to an appropriate Court Order, the Settlement Class or Class Members.

### F.    Counterparts

This Agreement may be executed in one or more counterparts, all of which together shall be deemed to be one and the same instrument.  The Parties agree that a copy of the executed counterparts may be filed with the Court in connection with the motion to approve the Settlement, either in portable document format or some other suitable electronic form, as an exhibit to Plaintiff's Motion for Preliminary Approval without the need to collate and file a copy with original signatures.

### G.    Binding Nature

This Agreement shall be binding upon the heirs, executors, administrators, successors, and assigns of the Plaintiff, Class Members, and Defendants.

### H.    Construing the Agreement

This Agreement shall not be construed more strictly against one Party than another merely by virtue of the fact that it may have been initially drafted by counsel for only one of the Parties.  It is recognized that this Agreement is the result of arm's-length negotiations between the Parties, and it is acknowledged that all Parties have contributed substantially to the preparation of this Agreement;

accordingly, the doctrine of *contra proferentum* shall not apply in construing this Agreement, nor shall any other such similar doctrine apply.  Each Party acknowledges that it has been and is being fully advised by competent legal counsel of the Party's own choice and fully understands the terms and conditions of this Agreement, and the meaning and import thereof, and that such Party's execution of this Agreement is with the advice of such Party's counsel and of such Party's own free will.  Each Party represents and warrants that it has sufficient information regarding the Litigation, the Settlement, and the other Parties to reach an informed decision and has, independently and without relying on other Parties, and based on such information as it has deemed appropriate, made its own decision to enter into this Agreement and was not fraudulently or otherwise wrongfully induced to enter into this Agreement.

### I.      Taxes

Each individual, including Plaintiff, Eligible Class Members, and Class Counsel receiving funds pursuant to this Agreement shall be solely responsible for filing all information and other tax returns necessary or making any tax payments related to funds received by each pursuant to this Settlement Agreement.  Defendants make no representations regarding, and shall not be responsible for, the tax consequences of any payments made pursuant to this Agreement.

### J.      Public Statements

Any press release or other public statement relating to the Settlement published or authorized by Plaintiff or his representatives, including Class Counsel, shall be sent to Defendants' counsel for their input and approval, which consent shall not be unreasonably withheld or unduly delayed.

### K.      Choice of Law

This Agreement shall be governed by and interpreted in accordance with the substantive common law of the Commonwealth of Pennsylvania, exclusive of choice of law principles.

**L.    Jurisdiction**

The Parties submit to the exclusive jurisdiction of the United States District Court for the Middle District of Pennsylvania for the purpose of enforcing this Agreement or implementing any part of the Settlement embodied in this Agreement.

**M.    No Admissions**

Neither this Agreement nor any proceedings connected with it shall be deemed or construed to be an admission by any Party or any Released Person of any wrongdoing or liability or evidence of any violation by Defendants of any federal or state statute or law either in the Litigation or in any other proceeding, and evidence thereof shall not be discoverable or used, directly or indirectly, in any way, except in a proceeding to interpret or enforce this Agreement.  This Agreement represents the settlement of disputed claims and does not constitute, nor shall it be construed as, an admission of the correctness of any position asserted by any Party, or an admission of liability or of any wrongdoing by any Party, or as an admission of any strengths or weaknesses of the Plaintiff's or putative class's claims or Defendants' defenses.  Defendants specifically deny any wrongdoing or liability by any of the Released Persons.

**N.    Headings**

The captions and headings employed in this Agreement are for convenience only, are not a part of the Agreement, and shall not be used in construing or interpreting the Agreement.

**[REMAINDER OF PAGE INTENTIONALLY BLANK]**

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement, as of the date

and year first above written.

Dated:     12-22-2017

Steven Basile
Individually and on behalf
of the Settlement Class

Dated: ___12/22/2017___

Jonathan Shub
Kohn Swift & Graf P.C.
One South Broad Street, Suite 2100
Philadelphia, PA 19107

Dated: ___12/22/17___

Troy M. Frederick
Marcus & Mack P.C.
57 South Sixth Street
Indiana, PA 15701

Dated: _____

Stream Energy Pennsylvania, LLC;
Stream Energy Pennsylvania, LLC
d/b/a Stream Energy; Stream Energy
d/b/a Stream Energy Pennsylvania,
LLC

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement, as of the date and year first above written.

Dated: _____

_____
Steven Basile
Individually and on behalf
of the Settlement Class

Dated: _____

_____
Jonathan Shub
Kohn Swift & Graf P.C.
One South Broad Street, Suite 2100
Philadelphia, PA 19107

Dated: _____

_____
Troy M. Frederick
Marcus & Mack P.C.
57 South Sixth Street
Indiana, PA 15701

Dated: _12/07/17_

_____
Stream Energy Pennsylvania, LLC;
Stream Energy Pennsylvania, LLC
d/b/a Stream Energy; Stream Energy
d/b/a Stream Energy Pennsylvania,
LLC