IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEVEN BASILE, on behalf of himself and all others similarly situated, | : : | |
| Plaintiff | : | Case No. 1:15-cv-01518 |
| v. | : | |
| | : | (Judge Kane) |
| STREAM ENERGY PENNSYLVANIA, LLC, et al., | : : | |
| Defendants | : | |
| | : | |

## MEMORANDUM

Before the Court is Plaintiff's Unopposed Motion for Preliminary Approval of Class

Action Settlement. (Doc. No. 80.)  For the reasons that follow, the Court will grant the motion

and schedule a fairness hearing.

## I.     BACKGROUND

On June 9, 2015, Plaintiff Steven Basile filed a putative class action complaint, on behalf

of himself and all others similarly situated, in the United States District Court for the Eastern

District of Pennsylvania[1] against Defendants Stream Energy Pennsylvania, LLC, Stream Energy

Pennsylvania, LLC d/b/a Stream Energy, and Stream Energy d/b/a Stream Energy Pennsylvania

LLC ("Defendants"), alleging that his deregulated electricity provider did not abide by the terms

of his service contract, resulting in higher-than-expected rates.  (Doc. No. 1.)  Plaintiff's

complaint asserted claims for breach of contract (Count 1), breach of the covenant of good faith

and fair dealing (Count 2), declaratory relief (Count 3), and a violation of the Pennsylvania

Unfair Trade Practices and Consumer Protection Law ("UTPCPL") (Count 4).  (Id.)  After

Defendants filed a motion to dismiss Counts 2 through 4, Plaintiff stipulated to the dismissal of

---

[1]  On August 4, 2015, this action was transferred to the United States District Court for the
Middle District of Pennsylvania and assigned to the undersigned.  (Doc. No. 18.)

Counts 2 and 3, leaving only a claim for breach of contract and a violation of Pennsylvania's UTPCPL. On September 6, 2016, this Court, by Memorandum and Order, granted Defendants' motion to dismiss Plaintiff's UTPCPL claim, leaving only Plaintiff's breach of contract claim pending. (Doc. Nos. 56, 57.)

Thereafter, the parties proposed deadlines governing class certification, expert reports, and dispositive motions (Doc. No. 60), which were approved and subsequently extended by the Court at the request of the parties by Orders dated November 9, 2016 (Doc. No. 61), June 17, 2017 (Doc. No. 67), and July 14, 2017 (Doc. No. 69). On October 23, 2017, after the parties had engaged in discovery for a number of months, Plaintiff's counsel submitted a letter to the Court indicating that the parties had reached an agreement in principle to settle the case, and requesting the Court's approval of a joint stipulation to stay case deadlines until November 30, 2017 (Doc. No. 74), which the Court granted (Doc. No. 75). After filing a second stipulation seeking additional time to finalize the proposed Settlement Agreement (Doc. No. 76), which the Court approved (Doc. No. 77), Plaintiff filed the pending Unopposed Motion for Preliminary Approval of Class Action Settlement on December 28, 2017 (Doc. No. 80).

The Motion requests an Order: (1) preliminarily approving the proposed Settlement Agreement for the purposes of allowing dissemination of notice of the settlement to the proposed Settlement Class; (2) establishing a date for a hearing on final approval of the proposed settlement; (3) approving the form of class notice; (4) approving the notice plan and directing that notice be made available and published; (5) establishing a deadline for filing papers in support of final approval of the proposed Settlement Agreement, as well as the filing of objections by Settlement Class members; (6) establishing a deadline for Settlement Class members to exclude themselves from the proposed Settlement Class; and (7) appointing

Jonathan Shub, Esq. of the firm Kohn Swift & Graf, P.C. and Troy M. Frederick, Esq. of the firm

Marcus and Mack, P.C., as Class Counsel for the Settlement Class. (Doc. No. 80.) In support of

his Motion, Plaintiff submitted a supporting brief (Doc. No. 81), and the following: (1) the

Proposed Settlement Agreement (Doc. No. 81-1); a Draft Long Form Notice of Proposed Class

Action Settlement ("Settlement Notice") (Doc. No. 81-2); a Draft Publication Notice of

Proposed Class Action Settlement ("Publication Notice") (Doc. No. 81-3); a Proposed Order

granting preliminary approval of Proposed Class Action Settlement (Doc. No. 81-4); a Proposed

Order granting final approval of Class Action Settlement (Doc. No. 81-5); a Claim Form (Doc.

No. 81-6); the Declaration of Steven Weisbrot, Esq., partner with Angeion Group, LLC

("Angeion"), a class action notice and settlement administration firm (Doc. No. 81-7); the

Declaration of Jonathan Shub, Esq. (Doc. No. 81-8); and descriptions of the two law firms

sought to be appointed Class Counsel (Doc. Nos. 81-9 and 81-10).

## II.    LEGAL STANDARD

### A.  Class Action Settlement

Federal Rule of Civil Procedure 23(e) governs the settlement of class actions and the

procedures that apply for review of a class action settlement. Fed. R. Civ. P. 23(e); In re Nat.

Football League Players Concussion Injury Litig., 775 F.3d 570, 581 (3d Cir. 2014). The

following procedures apply to a proposed settlement:

> (1) The court must direct notice in a reasonable manner to all class
> members who would be bound by the proposal.
>
> (2) If the proposal would bind class members, the court may approve it
> only after a hearing and on finding that it is fair, reasonable, and
> adequate.
>
> (3) The parties seeking approval must file a statement identifying any
> agreement made in connection with the proposal.

(4) If the class action was previously certified under Rule 23(b)(3), the court may refuse to approve a settlement unless it affords a new opportunity to request exclusion to individual class members who had an earlier opportunity to request exclusion but did not do so.

(5) Any class member may object to the proposal if it requires court approval under this subdivision (e); the objection may be withdrawn only with the court's approval.

Fed. R. Civ. P. 23(e).

A court's decision to preliminarily approve a proposed class action settlement is not a commitment to approve the final settlement, but instead "is a determination that 'there are no obvious deficiencies and the settlement falls within the range of reason.'" Gates v. Rohm and Haas Co., et al., 248 F.R.D. 434, 438 (E.D. Pa. 2008) (quoting Smith v. Prof. Billing & Mgmt. Servs., Inc., No. 06-4453, 2007 WL 4191749, at *1 (D.N.J. Nov. 21, 2007) (citations omitted)). Preliminary approval of a proposed class action settlement "establishes an initial presumption of fairness," In re Gen. Motors Corp., 55 F.3d 768, 785 (3d Cir. 1995) (citing Newberg on Class Actions § 11.41 (3rd ed.)), and guides "whether notice of the proposed settlement should be sent to the class." Newberg on Class Actions § 13:13 (5th ed.). In reviewing a proposed class action settlement, district courts examine whether the proposed agreement arose out of "serious, informed non-collusive negotiations," has any "obvious deficiencies," "improperly grant[s] preferential treatment to class representatives or segments of the class," and "falls within the range of possible approval." In re Nasdaq Market–Makers Antitrust Litig., 176 F.R.D. 99, 102 (S.D.N.Y. 1997) (citing Manual for Complex Litigation § 30.41 (3rd ed.)); see In re Gen. Motors Corp., 55 F.3d at 785.

**B.  Conditional Certification of Settlement Class**

Further, if "the Court has not already certified a class, the Court must also determine whether the proposed settlement class satisfies the requirements of Rule 23." Gates, 248 F.R.D.

at 439 (citing <u>Anchem v. Windsor</u>, 521 U.S. 591 (1997)).  In making this preliminary

determination, district courts examine whether "the proposed class satisfies the criteria set out in

Rule 23(a) and at least one of the subsections of Rule 23(b)."  Manual for Complex Litigation §

21.632 (4th ed.)).  The court may conditionally certify a class for settlement purposes, reserving

a final certification decision until after the fairness hearing. <u>Gates</u>, 248 F.R.D. at 439.

Rule 23(a) requires a demonstration that:

> (1)The class is so numerous that joinder of all members is
> impracticable, (2) there are questions of law or fact common to the
> class, (3) the claims or defenses of the representative parties are typical
> of the claims or defenses of the class, and (4) the representative parties
> will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).  As noted above, the court must also determine that the action satisfies at

least one subsection of Rule 23(b).  <u>Wal-Mart Stores, Inc. v. Dukes</u>, 564 U.S. 338, 345 (2011).

Here, the parties rely on Rule 23(b)(3), which applies when (1) "questions of law or fact

common to class members predominate over any questions affecting only individual members,"

and (2) when "a class action is superior to other available methods for fairly and efficiently

adjudicating the controversy."  Fed. R. Civ. P. 23(b)(3).

## III.    DISCUSSION

Before reviewing the proposed Settlement Agreement to determine if it should be

preliminarily approved, the Court first examines whether the proposed Settlement Class satisfies

the requirements of Rule 23.

### A.  Preliminary Certification of Class Action

#### 1.   Proposed Settlement Class Definition

The proposed Settlement Class is defined as "[a]ll persons in the Commonwealth of

Pennsylvania who were enrolled as a customer of Defendants and were on Defendants' Variable

Rate Electricity Plan at any time during the Class Period."[2] (Doc. Nos. 81 at 7; 81-1 § II.A.21.)

The proposed Settlement Class definition excludes "Defendants, any entities in which they have

a controlling interest, and any of their parents, subsidiaries, affiliates, officers, and directors; the

presiding judge(s) in this case and her(their) immediate family; and any person who has

previously released claims against Defendants, including but not limited to persons who released

claims against Defendants pursuant to the settlement of a complaint submitted to the

Pennsylvania Public Utility Commission (PUC)."  (Doc. Nos. 81 at 7 n.1;  81-10 § II.A.21.)  The

Court considers this proposed Settlement Class definition sufficiently "precise, objective and

presently ascertainable" for purposes of this preliminary determination.  Manual for Complex

Litigation § 21.222 (4th ed.)  The Court next turns to whether the requirements of Rule 23(a)(1)-

(4) are met here.

### 2.  Numerosity

The numerosity requirement is satisfied if "the class is so numerous that joinder of all

members is impracticable."  Fed. R. Civ. P. 23(a)(1).  "No minimum number of plaintiffs is

required to maintain a suit as a class action, but generally if the named plaintiff demonstrates that

the potential number of plaintiffs exceeds 40, the first prong of Rule 23(a) has been met."

Stewart v. Abraham, 275 F.3d 220, 226-27 (3d Cir. 2001).  Here, Plaintiff represents that the

proposed Settlement Class would include Defendants' current and former customers, which the

records of Defendants indicate could be greater than 70,000 accounts.  (Doc. No. 81 at 14.)

Therefore, the Court finds that, for purposes of preliminary certification, Rule 23(a)'s numerosity

requirement is met.

### 3.    Commonality

---

[2] "Class Period" is defined as "June 1, 2011 through the Preliminary Approval Date."  (Doc.
Nos. 81 at 7; 81-1 § II.A.6.)

The second Rule 23(a) prerequisite requires that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). "A putative class satisfies Rule 23(a)'s commonality requirement if 'the named plaintiffs share at least one question of fact or law with the grievances of the prospective class.'" Rodriguez v. Nat'l City Bank, 726 F.3d 372, 382 (3d Cir. 2013) (quoting Baby Neal v. Casey, 43 F.3d 48, 56 (3d Cir. 1994)). "Their claims must depend upon a common contention . . . that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each of the claims in one stroke." In re Nat'l Football League Players Concussion Injury Litig., 821 F.3d 410, 427 (3d Cir. 2016) (quoting Dukes, 564 U.S. at 350).

Plaintiff argues that there are many common issues of fact and law, including whether Defendants "breached the price terms in their agreements with Plaintiff and the Settlement Class by utilizing factors not contained in the agreements to set their prices." (Doc. No. 81 at 15.) For purposes of preliminary certification, the Court finds that Rule 23(a)'s commonality requirement is satisfied. See Rodriguez v. Nat'l City Bank, 726 F.3d 372, 383 (3d Cir. 2013) ("[T]here may be many legal and factual differences among the members of a class, as long as all were subjected to the same harmful conduct by the defendant.").

### 4. Typicality

Rule 23(a)(3)'s typicality requirement demands that the "claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). The Third Circuit has "set a 'low threshold' for typicality. 'Even relatively pronounced factual differences will generally not preclude a finding of typicality where there is a strong similarity of legal theories' or where the claim arises from the same practice or course of conduct." In re NFL Players Litig., 821 F.3d at 428 (internal citations omitted).

Here, Plaintiff contends that his claims and those of the members of the Settlement Class arise from the same conduct, as "Defendants' Disclosure Statement provides specific factors that Defendants are required to rely upon in setting their rates," (Doc. No. 81 at 16), and there are no "unique facts or circumstances that would render Plaintiff as atypical" (id. at 17). For purposes of preliminary certification, the Court finds that Rule 23(a)'s typicality requirement is satisfied.

### 5. Adequacy of representation

The fourth Rule 23(a) prerequisite provides that "representative parties [must] fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "This requires a determination of (1) whether the representatives' interests conflict with those of the class and (2) whether the class attorney is capable of representing the class." Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 259 F.3d 154, 185 (3d Cir. 2001). Upon review of the record, the Court is persuaded that there is no conflict of interest existing between Plaintiff and members of the Settlement Class, and that the competence and experience evidenced by Plaintiff's counsel satisfies Rule 23(a)'s adequacy of representation requirement.

### 6. Rule 23(b)(3)

As noted above, in addition to satisfying the four Rule 23(a) prerequisites, the Court must also determine that the proposed class "satisf[ies] at least one of the three requirements listed in Rule 23(b)." Dukes, 564 U.S. at 345. Here, the parties rely on Rule 23(b)(3), which applies when (1) "questions of law or fact common to class members predominate over any questions affecting only individual members," and (2) when "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3); see Dukes, 564 U.S. at 345.

The first inquiry – the "predominance inquiry" – tests "whether the defendant's conduct was common as to all of the class members, and whether all of the class members were harmed by the defendant's conduct." Sullivan v. DB Investments, Inc., 667 F.3d 273, 298 (3d Cir. 2011). Plaintiff maintains that this inquiry is satisfied here where Defendants' liability "turns on whether Defendants breached the price term in the agreement with customers by failing to abide by the factors set forth therein when setting their rates." (Doc. No. 81 at 18-19.) Further, Plaintiff maintains that "determining whether Settlement Class members were injured will turn on common proof regarding the extent to which Defendants' rates are higher than competitive rates otherwise available in the market." (Id. at 19.) For purposes of preliminary certification, the Court is satisfied that common questions surrounding Defendants' alleged breach of the price term in agreements with their customers appear to predominate over individual questions of law or fact. See Sullivan, 667 F.3d at 297-98; In re Linerboard Antitrust Litig., 305 F.3d 145, 163 (3d Cir. 2002).

The second inquiry – the superiority inquiry – "asks a district court to balance, in terms of fairness and efficiency, the merits of a class action against those of alternative available methods of adjudication." In re Cmty. Bank of N. Virginia Mortgage Lending Practices Litig., 795 F.3d 380, 409 (3d Cir. 2015) (internal citation omitted). Plaintiff argues that all four factors relevant to this inquiry[3] support a finding of superiority, as separate adjudication of individual Class Members' claims is impractical because the "size of each Settlement Class Member's alleged loss is too small to be economically litigated outside of a class action." (Doc. No. 81 at 20.) Further, Plaintiff represents that no other pending litigation seeks similar relief. (Id.)

---

[3] They include: the extent and nature of any similar litigation already commenced by class members; the desirability of concentrating the litigation in a given forum; class members' interest in controlling separate actions; and any difficulties in managing a class action. Fed. R. Civ. P. 23(b)(3).

Considering the amount of the alleged loss, class action resolution appears to be "a more desirable outcome for the class than individualized litigation." In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Products Liab. Litig., 55 F.3d 768, 796 (3d Cir. 1995).

Thus, having found preliminarily that the prerequisites of Rule 23(a), as well as Rule 23(b)(3), are satisfied, the Court will preliminarily certify the proposed Settlement Class. The Court turns to an analysis of whether preliminary approval of the Settlement Agreement is appropriate.

## B. Preliminary Approval of Settlement Agreement

As an initial matter, the Court is satisfied that the proposed Settlement Agreement arose out of "serious, informed, non-collusive negotiations." In re Nasdaq, 176 F.R.D. at 102. The parties engaged in a year of discovery, and thereafter entered into settlement negotiations, including a full-day mediation at JAMS in Philadelphia, Pennsylvania on September 14, 2017, conducted by the Honorable Diane Welsh. (Doc. No. 81-8 ¶¶ 13-15.) After reaching an agreement in principle to settle Plaintiff's claims and executing a Memorandum of Understanding, the parties spent several months negotiating the terms of the Settlement Agreement. (Id. ¶¶ 16-17.) In his supporting brief, Plaintiff emphasizes the scope of discovery conducted in advance of settlement negotiations, which involved review of tens of thousands of pages of documents, as well as depositions of Defendants' key personnel. (Doc. No. 81 at 22-23.) Further, it is clear from Plaintiff's submissions that his counsel is experienced in complex commercial litigation. (Doc. Nos. 81-9, 81-10.) Accordingly, the Court is persuaded that the proposed Settlement Agreement arose out of "serious, informed, non-collusive negotiations." In re Nasdaq, 176 F.R.D. at 102; see In re Gen. Motors Corp., 55 F.3d at 785 (discussing the factors to consider at the preliminary approval stage).

Next, as to the terms of the proposed Settlement Agreement, the Court is satisfied that the proposed Settlement Agreement has no "obvious deficiencies" and "falls within the range of possible approval." In re Nasdaq, 176 F.R.D. at 102. "To determine whether a settlement falls within the range of possible approval, a court must consider plaintiffs' expected recovery balanced against the value of the settlement offer." In re Nat'l Football League Players' Concussion Injury Litig., 961 F. Supp. 2d 708, 714 (E.D. Pa. 2014) (internal quotations and citations omitted). The proposed settlement amount does not have to be "dollar-for-dollar the equivalent of the claim," In re Ionosphere Clubs, Inc., 156 B.R. 414, 427 (S.D.N.Y. 1993), and a "satisfactory settlement" may only "amount to a hundredth or even a thousandth part of a single percent of the potential recovery." City of Detroit v. Grinnell Corp., 495 F.2d 448, 455 (2d Cir. 1974).

The proposed Settlement Agreement provides the following benefits to Settlement Class Members: (1) each Class Member who was a customer on Defendants' Variable Rate Plan at any time between June 1, 2011 and February 29, 2015 (Time Period 1) will receive payment in the amount of 5% of all amounts paid to Defendants for services provided under the Variable Rate Plan during Time Period 1; and (2) each Class Member who was a customer on Defendants' Variable Rate Plan at any time between March 1, 2015 and the date of preliminary approval (Time Period 2), will receive payment in the amount of 2% of all amounts paid to Defendants for services provided under the Variable Rate Plane during Time Period 2. (Doc. Nos. 81 at 9; 81-1 at 12.) Subject to the Court's final approval, Defendants have also agreed that Plaintiff can seek a service award reflecting the amount of time and effort expended in acting as representative of the Settlement Class, and that they will not oppose payment of an amount not to exceed five thousand dollars ($5,000.00). (Doc. Nos. 81 at 9-10; 81-1 at 13-14.) Defendants

also agree to pay the costs of notice to the Settlement Class and the cost of settlement and claims administration.  (Doc. Nos. 81 at 10;  81-1 at 11.)  Further, subject to the Court's final approval, Defendants agree that appointed Class Counsel will be entitled to seek an award of attorneys' fees and costs in an amount up to one million fifty thousand dollars ($1,050,000.00).  (Doc. Nos. 81 at 10; 81-1 at 13-14.)  In exchange, the Settlement Class members will release any and all claims against Defendants relating to Defendants' Variable Rate Energy Plans. (Doc. Nos. 81 at 10;  81-1 at 15-16.)

In light of the risks faced by Plaintiff and Defendants in continuing litigation and the benefits provided under the proposed Settlement Agreement, the Court finds that the proposed Settlement Agreement falls within the range of possible approval for purposes of preliminary approval.  The proposed payment of $1,050,000.00 in attorneys' fees and costs is "separate from and in addition to the payment of the Settlement amounts available to the eligible members of the Settlement Class."  (Doc. No. 81 at 10.)  Furthermore, the proposed monetary award to Plaintiff is permissible in class action litigation and appears reasonable at this stage.  Sullivan v. DB Inv., Inc., 667 F.3d 273, 333 n.65 (3d Cir. 2011).  Accordingly, the Court will preliminarily approve the proposed Settlement Agreement.

### C.  Proposed Notice to Class

The Court next turns to Plaintiff's request for approval of the proposed means of notifying class members. Federal Rule of Civil Procedure 23(c)(2)(B) requires the "best notice that is practicable under the circumstances" to be given to potential members of a Rule 23(b)(3) class, "including individual notice to all members who can be identified through reasonable

effort." Fed. R. Civ. P. 23(c)(2).[4] Therefore, under Rule 23(c)(2)(B), "[t]he notice must clearly

and concisely state in plain, easily understood language" the following:

> (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B). "In addition to the requirements of Rule 23, due process

further requires that notice be 'reasonably calculated, under all the circumstances, to

apprise interested parties of the pendency of the action and afford them an opportunity to

present their objections.'" In re NFL Players Litig., 821 F.3d at 435 (quoting Mullane v.

Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950)).

In connection with his motion, Plaintiff submits a proposed "Settlement Notice" (Doc.

No. 81-2). Plaintiff proposes that Angeion be approved as the Settlement Administrator and

disseminate a copy of the Settlement Notice to each Class Member by first-class mail at their last

known address in possession of Defendants. (Doc. No. 81 at 26-27.) Plaintiff's proposed Notice

Plan also involves the inclusion of an internet website on the Settlement Notice where Class

Members can find further information, as well as a telephone number for additional inquiries.

(Doc. No. 81-2 at 3, 8.) Plaintiff further proposes that the Publication Notice submitted in

connection with his motion (Doc. No. 81-3), be published once in each of the following

publications: Philadelphia Inquirer, Pittsburgh Post-Gazette, Harrisburg Patriot News,

---

[4] Similarly, Federal Rule of Civil Procedure 23(e)(1) requires the court to "direct notice in a reasonable manner to all class members" of a proposed settlement agreement. Fed. R. Civ. P. 23(e)(1); see In re Prudential Ins., 148 F.3d 283, 326 (3d Cir. 1998). "The Rule 23(e) notice is designed to summarize the litigation and the settlement and 'to apprise class members of the right and opportunity to inspect the complete settlement documents, papers, and pleadings filed in the litigation.'" In re Prudential Ins., 148 F.3d at 327 (quoting 2 Newberg on Class Actions § 8.32).

Allentown Morning Call, and Erie Times-News.  (Doc. No. 81 at 27.)  Plaintiff represents that

Defendants will pay the costs of preparing and disseminating the notices.  (Doc. No. 81 at 10.)

Having reviewed the proposed notices and the proposed Notice Plan, the Court is

satisfied that the proposed notices and Notice Plan satisfy Federal Rules of Civil Procedure

23(c)(2)(B) and 23(e)(1) as well as due process.  The proposed settlement notice is

individualized in nature, describes the nature of the action, defines the proposed settlement class,

identifies the class claims, provides that class members may appear through an attorney, permits

members to opt-out of the settlement, and addresses the binding effect of the judgment.  Fed. R.

Civ. P. 23(c)(2)(B).  The Notice Plan appears designed to reach the class efficiently.

Accordingly, the Court will approve the proposed Settlement Notice (Doc. No. 81-2),

Publication Notice (Doc. No. 81-3), and proposed Notice Plan, excepting the Settlement Notice's

description of class counsel, for reasons discussed below,[5] and approve Angeion to serve as the

Settlement Administrator.

**D.    Appointment of Class Counsel and Class Representative**

Plaintiff moves the Court to appoint Class Counsel for the Settlement Class. Specifically,

Plaintiff requests the appointment of Jonathan Shub of Kohn, Swift & Grof, P.C., and Troy

Frederick of Marcus & Mack, P.C., as Class Counsel.  The application for Class Counsel "is

generally submitted as part of the certification motion."  Manual Complex Lit. § 21.273 (4th ed.).

In fact, the Third Circuit has stated that "a district court's decision to certify a class <u>must</u> <u>precede</u>

the appointment of class counsel." <u>Sheinberg v. Sorensen</u>, 606 F.3d 130, 132 (3d Cir. 2010)

(emphasis added); <u>see</u> Newberg on Class Actions § 3:84 (5th ed.) ("[I]t is clear that a court must

_____

[5] Sections 4, 6 and 8 of the proposed "Settlement Notice" (Doc. No. 81-2 at 4, 6 and 7-8),
should be amended in accordance with the Court's decision declining to appoint Class Counsel at
this preliminary stage.  <u>See</u> <u>Sheinberg v. Sorensen</u>, 606 F.3d 130, 132 (3d Cir. 2010).

appoint class counsel at the same time it certifies the class."). Here, as only the motion for preliminary certification of the class is before the Court, the Court will decline to appoint Class Counsel at this time, but will instead designate Jonathan Shub of Kohn, Swift & Grof, P.C., and Troy Frederick of Marcus & Mack, P.C., as Interim Counsel. <u>See</u> <u>Sheinberg</u>, 606 F.3d at 132. The Court will preliminarily appoint Plaintiff Steven Basile as Class Representative.

## IV.    CONCLUSION

For the reasons stated above, the Court will grant Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement and will preliminarily certify a Settlement Class. (Doc. No. 80.) The Court will also approve the proposed Settlement Notice, amended as indicated above, Publication Notice, proposed Notice Plan, and appointment of Angeion to serve as Settlement Administrator. An Order consistent with this memorandum follows.