IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVEN BASILE, on behalf of himself and all others similar situated,<br>  Plaintiff<br><br>v.<br><br>STREAM ENERGY PENNSYLVANIA LLC, et al.,<br>  Defendants | Case No. 1:15-cv-01518<br><br>(Judge Kane) |

## ORDER[1]

**AND NOW**, on this 31st day of May 2018, for the reasons stated in the accompanying Memorandum, **IT IS ORDERED THAT** Plaintiff Steven Basile's Unopposed Motion for Preliminary Approval of Class Action Settlement (Doc. No. 80), is **GRANTED** as follows:

1. The Court preliminarily approves the proposed Settlement Agreement (Doc. No. 81-1), subject to further consideration at the Final Fairness Hearing referenced below. The Settlement Agreement calls for Defendants to provide benefits to Class Members who submit valid claims as follows:

   a. A Class Member who was on Defendants' Variable Rate Electricity Plan at any point between June 1, 2011 and February 29, 2015 (Time Period 1), will receive payment in the amount of 5% of all amounts he or she paid to Defendants for services provided under the Variable Rate Electricity Plan during Time Period 1.

   b. A Class Member who was on Defendants' Variable Rate Electricity Plan at any point between March 1, 2015 and the date of preliminary approval (Time Period 2), will receive payment in the amount of 2% of all amounts he or she paid to Defendants for services provided under the Variable Rate Electricity Plan during Time Period 2.

   c. The Settlement Agreement also requires Defendants to pay the costs of notice and administration of the settlement, as well as up to $1,050,000 to approved Class Counsel for attorneys' fees, costs and expenses, and a service award of up to $5,000 to Plaintiff as this Court may award. The Court finds that the terms of the Settlement Agreement are sufficiently within the bounds of reasonableness so that

---

[1] To avoid ambiguity, this Order is the "Preliminary Approval Order" referenced in the proposed Settlement Agreement. (Doc. No. 81-1 at 7.) Moreover, as to the capitalized terms used in this Order, the Court incorporates the definitions provided in Section II.A of the Proposed Settlement Agreement. (Id. at 5-9.)

notice of the settlement should be given as provided in this Order and in the Settlement Agreement.

2. The Court preliminarily finds that the proposed Settlement Class (Doc. No. 81-1 at 8-9), meets the requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3), and conditionally certifies the Settlement Class for settlement purposes.

    a. The preliminary Settlement Class consists of: all persons in the Commonwealth of Pennsylvania who were enrolled as a customer of Defendants and were on Defendants' Variable Rate Electricity Plan at any time during the Class Period (i.e., June 1, 2011 through the preliminary approval date).

    b. Excluded from the Settlement Class are: Defendants, any entities in which Defendants have a controlling interest, and any of their parents, subsidiaries, affiliates, officers, and directors; the presiding judge(s) in this case and her(their) immediate family; and any person who has previously released claims against Defendants, including but not limited to persons who released claims against Defendants pursuant to the settlement of a complaint submitted to the Pennsylvania Public Utility Commission. The Settlement Class also excludes all persons who timely elect to exclude themselves from the Settlement Class and follow the procedure set forth in this Order.

3. The Court preliminarily finds that Steven Basile has and will fairly and adequately represent and protect the interests of the absent members of the Settlement Class in accordance with Federal Rule of Civil Procedure 23.

4. The Court appoints Jonathan Shub, Esq., of Kohn, Swift & Graf, P.C. and Troy M. Frederick, Esq. of Marcus & Mack, P.C. as Interim Counsel.

5. If the Settlement Agreement is terminated or not consummated for any reason, the certification of the Settlement Class shall be void, and Plaintiff and Defendants shall be deemed to have reserved all their rights to propose or oppose all certification issues.

6. The Court preliminarily approves the settlement benefits as described in the Settlement Agreement. Defendants will also pay the costs of notice and administration, and any attorneys' fees, litigation expenses, and service award approved by the Court, under the terms, conditions, and limitations specified in the Settlement Agreement.

7. The Court has reviewed and approves the Notice Plan set forth in the Settlement Agreement and Exhibits thereto, excepting the Settlement Notice's description of Class Counsel in Sections 4, 6 and 8, which should be changed to Interim Counsel. (Doc. No. 81-2.) The Settlement Agreement and Exhibits are attached as Exhibit 1 and Exhibits A through E, respectively (Doc. Nos. 81-1 to 81-6), to the Memorandum of Law in Support of Preliminary Approval ("Notice Plan"). The Settlement

Administrator shall mail notice to Settlement Class members for whom Defendants have address information. The Settlement Administrator shall also cause a 1/6 page Publication Notice to be posted in the following publications: Philadelphia Inquirer, Pittsburgh Post-Gazette, Harrisburg Patriot-News, Allentown Morning Call, and Erie Times. The Court finds the notice to be provided to the Settlement Class as set forth in the Notice Plan to be the best practicable notice under the circumstances and, when completed, shall constitute fair, reasonable and adequate notice of the settlement to all persons and entities affected by or entitled to participate in the settlement, in full compliance with the notice requirements of Federal Rule of Civil Procedure 23, and due process.

8. The Court appoints Angeion Group, LLC, as the Settlement Administrator. Responsibilities of the Settlement Administrator include the following:

   a. Creating and maintaining a database of names and addresses of class members;

   b. Comparing that database with a national change of address database;

   c. Printing and mailing notices, each with an assigned unique claim number;

   d. Compiling mailing address information for and re-sending any notices returned as undeliverable;

   e. Developing and maintaining a webpage for he purposes of notice and Claim Form administration;

   f. Providing a blank Claim Form by mail to any Class Members who request one;

   g. Compiling a list of Class Members who submit properly completed Claim Forms, either by mail or via the website, and verifying the accuracy and completeness of the Claim Forms;

   h. Distributing the proper share of the Settlement Amount by check to those Class Members who file a claim, on or before the Claim Deadline.

9. The Court orders the Settlement Administrator to implement the notice events identified in the Motion and Notice Plan, using the forms attached as Exhibits to the Memorandum of Law in support of Preliminary Approval, subject to the correction to the Settlement Notice identified in paragraph 7 above, pursuant to the following schedule:

   Notice Plan to be Completed            No later than June 30, 2018 (30 days from date of Preliminary Approval Order)

3

| Post-Notice Declaration of Settlement Administrator Attesting to Compliance With the Notice Plan Filed with the Court | No later than Sept. 7, 2018 (21 days before Final Fairness Hearing) |
|---|---|

10. Any member of the Settlement Class who objects to the Settlement Agreement shall file a written objection with the Court, with a written copy served on Interim Counsel and Defendants' counsel, pursuant to the schedule below:

| Deadline to File, Postmark and Send Objections | No later than Aug. 14, 2018 (75 days from date of Preliminary Approval Order) |
|---|---|

11. The written objection must comply with the following requirements:

    a. All written objections must: (a) be clearly marked as "Written Objections to Settlement Agreement" in <u>Basile v. Stream Energy Pennsylvania, LLC, et al.</u>, Civil Action No. 1:15-cv-01518; (b) state the objector's full name, address, and telephone number; (c) state the time period during which the objector purchased electricity from Defendants on a Variable Rate Electricity Plan (to the extent the objector can identify it); (d) set forth a brief statement regarding the nature of the objections; (e) state the reasons for the objections; (f) include copies of any papers that support the objections; (g) the objector's signature and verification under oath that the objector believes he/she is a Settlement Class member; and (h) if the objector wants to be heard at the Final Fairness Hearing, state that the objectors intends to appear at the Final Fairness Hearing.

    b. Any Class Member who files an objection must agree to make themselves available for a deposition by Interim Counsel and Defendants' counsel between the time the objection is filed and a date no later than five (5) days before the Final Approval Hearing and the objection must include the dates when and locations where the objecting Class Member will be available to be deposed.

    c. If the objection is made through an attorney, the written objection must provide the attorney's name, address, email address, and telephone number. If the attorney intends to seek fees and expenses from anyone other than the objectors he or she represents, the attorney shall also file with the Court and serve upon Interim Counsel and Defendants' counsel not later than twenty (20) days before the Final Fairness Hearing or as the Court may otherwise direct a document containing the following: (i) a description of the attorney's legal background and prior experience in connection with class action litigation, including the previous cases in which the attorney has represented an objector to a class action settlement; (ii) the amount of fees sought by the attorney for representing the objector and the factual and legal justification for the fees being sought; (iii) a statement regarding whether the fees being sought were calculated on the basis of a lodestar, contingency, or other method; (iv) the number of hours already spent

by the attorney and an estimate of the hours to be spent in the future; and (v) the attorney's hourly rate.

   d. Counsel for the parties shall file any responses to the objections submitted by objecting Settlement Class members at least ten (10) days before the date of the Final Fairness Hearing.

12. Any member of the Settlement Class who wishes to be excluded from the Settlement Class shall mail written notice of exclusion to the Settlement Administrator, pursuant to the schedule below:

| Deadline to File, Postmark and Send Exclusions | No later than Aug. 14, 2018 (75 days from the date of Preliminary Approval Order) |
|---|---|

   a. Any notice of exclusion shall include the following from the member of the Settlement Class seeing to be excluded: (a) full name, (b) phone number, (c) current address, (d) address(es) at which the person received service under the Defendants' Variable Rate Electricity Plan, (e) a statement that the person wishes to be excluded from the settlement, and (f) the signature of the person who wishes to be excluded from the settlement.

   b. Any member of the Settlement Class who submits a timely request for exclusion that complies with the requirements set forth in this Order shall not be bound by the Settlement, Settlement Agreement, or Final Order and Judgment. Upon receipt, the Settlement Administrator shall promptly provide copies of each notice of exclusion to Interim Counsel and Defendants' counsel.

   c. Any member of the Settlement Class who does not properly and timely mail a notice of exclusion as set forth herein shall be included in the Settlement Class and shall be bound by the terms of the Settlement, Settlement Agreement, and Final Order and Judgment, whether or not such member of the Settlement Class shall have otherwise objected to the settlement or sought exclusion, and whether or not such member submits a claim or participates in the settlement.

   d. Any member of the Settlement Class who submits a notice of exclusion that complies with the requirements of this Order and also objects to the settlement shall be deemed to have excluded himself or herself from the Settlement Class and his or her objections shall not be considered by the Court.

13. To effectuate the settlement and the provisions of the Notice Plan, the Settlement Administrator shall be responsible for the receipt of all notices of exclusion and claim forms. The Settlement Administrator shall preserve (on paper or transferred into electronic format) all notices of exclusion, claim forms, and any and all other written communications from members of the Settlement Class in response to the notices for a period of three (3) years, or pursuant to further order of the Court. All written

communications received by the Settlement Administrator from members of the Settlement Class relating to the Settlement Agreement shall be available at all reasonable times for inspection and copying by Interim Counsel and Defendants' counsel, until benefits are mailed to each Settlement Class Member entitled to receive them pursuant to the terms and conditions of the Settlement Agreement.

14. To participate in the settlement, each member of the Settlement Class shall take the following actions and be subject to the following requirements:

    a. Fill out, sign, and submit a Claim Form to the Claims Administrator.

    b. Comply with all applicable deadlines stated in this Order and the Settlement Agreement.

15. Any member of the Settlement Class who wishes to submit a Claim Form shall do so in accordance with the procedures set forth in this order and the Settlement Agreement under the following schedule:

    | | |
    |---|---|
    | Deadline to Postmark or Submit Claim Form | No later than Nov. 30, 2018 (180 days from date of Preliminary Approval Order) |

16. Any information received by the Claims Administrator in connection with this Settlement that pertains to a particular member of the Settlement Class, or information submitted in conjunction with a notice of exclusion (other than the identity of the person or entity requesting exclusion), shall not be disclosed to any other person or entity other than Interim Counsel, Defendants' counsel, and the Court, or as otherwise provided in the Settlement Agreement.

17. A hearing on final settlement approval ("Final Fairness Hearing"), will be held before this Court, the United States District Court for the Middle District of Pennsylvania, at the Ronald Reagan Federal Bldg. & U.S. Courthouse, 228 Walnut Street, Harrisburg, Pennsylvania 17101, at the time and date set forth below, to consider matters relating to the settlement, including the following:

    a. Whether the Settlement Class should be finally certified, for settlement purposes only;

    b. The fairness, reasonableness and adequacy of the settlement, the terms of the Settlement Agreement, the dismissal with prejudice of the litigation as to Defendants, and the entry of final judgment; and

    c. Whether Interim Counsel should be appointed as Class Counsel, and whether appointed Class Counsel's application for attorneys' fees and expenses, and incentive awards for the Settlement Class Representative (the "Fee Petition"), should be granted.

18. Interim Counsel shall file with the Court any memoranda or other materials in support of final approval of the Settlement and any Fee Petition pursuant to the schedule set forth below.

19. Any member of the Settlement Class that has not filed a notice of exclusion in the manner set forth above may appear at the Final Fairness Hearing in person or by counsel and may be heard, to the extent allowed by the Court, either in support of or in opposition to the fairness, reasonableness and adequacy of the proposed settlement or the other matters to be considered. However, no person will be heard, and no papers, briefs or other submissions will be considered by the Court, unless such person has filed with the Court and served upon Interim Counsel and Defendants' counsel a Notice of Intent to Appear pursuant to the schedule set forth below.

20. The Notice of Intent to Appear must (a) be clearly marked as "Notice of Intent to Appear" in <u>Basile v. Stream Energy Pennsylvania, LLC, et al.</u>, Civil Action No. 1:15-cv-01518; (b) state the person's full name, address, and telephone number; (c) state the time period during which the person purchased electricity from Defendants on a Variable Rate Electricity Plan (to the extent the person can identify it); (d) set forth a brief summary of what the person intends to say at the hearing; (e) identify and describe any evidence that supports the person's position; and (f) include the person's signature.

21. Any Settlement Class member may retain an attorney at his or her own expense to appear in the action. Such attorney shall file with the Court and serve a Notice of Appearance on Interim Counsel and Defendants' counsel pursuant to the schedule set forth below.

22. The date and time of the Final Fairness Hearing and related filings as identified herein shall be as follows:

| | |
|---|---|
| Deadline for Notices of Intent to Appear | Aug. 14, 2018 (75 days from Preliminary Approval Order) |
| Motion for Appointment of Class Counsel, Attorneys' Fees and Expenses, And Service Awards to be Filed | July 30, 2018 (60 days from Preliminary Approval Order) |
| Motion for Final Approval Due | Sept. 7, 2018 (21 days before Final Fairness Hearing) |
| Final Fairness Hearing to be Held | Sept. 28, 2018 at 10:00 a.m. (120 days from Preliminary Approval Order) |

23. The date and time of the Final Fairness Hearing shall be set forth in the notice to be disseminated pursuant to this Order, but shall be subject to change by the Court without further notice other than that which may by posted at the Court, on the Court's website, and/or the website to be established pursuant to the Notice Plan.

24. Upon Final Approval, every term and provision of the Settlement Agreement (except as may be modified by the Final Approval Order) shall be deemed incorporated into the Final Order and Judgment as if expressly set forth therein and shall have the full force and effect of an Order of the Court.

25. When this Order directs that papers, briefs, objections, notices and other documents be served upon Interim Counsel and Defendants' counsel, service shall be made to the attorneys listed below by United States Mail, first class, addressed as follows:

    Interim Counsel

    Jonathan Shub, Esq.
    Kohn Swift & Graf, P.C.
    One South Broad Street, Suite 2100
    Philadelphia, PA  19107

    Defendants' Counsel

    Robert C. Walters
    Gibson, Dunn & Crutcher, LLP
    2100 McKinney Avenue
    Suite 110
    Dallas, TX  75201-6912

26. All discovery and other pretrial proceedings in this action are stayed and suspended, pending the Effective Date of the Class Settlement ("Final Approval"), except for such proceedings as are provided for in the Settlement Agreement, or which may be necessary to implement the terms of the settlement, Settlement Agreement, or this Order.  Pending Final Approval, no Class Member, either directly, representatively, or in any other capacity (other than a Class Member who validly and timely elects to be excluded from the Class), shall commence, continue or prosecute against any or all Released Persons any action or proceeding in any court or tribunal asserting any of the matters, claims or causes of action that are to be released upon Final Approval pursuant to the Settlement Agreement, and are hereby enjoined from so proceeding.

27. Upon Final Approval, all Settlement Class Members who do not file a timely notice of exclusion shall be forever enjoined and barred from asserting any of the matters, claims or causes of action released pursuant to the Settlement Agreement, and any such Settlement Class Member shall be deemed to have forever release the Released Persons from any and all such matters, claims and causes of action as provided for in the Settlement Agreement.

28. In the event the Settlement is terminated in accordance with the provisions of the Settlement Agreement, the Settlement and all proceedings had in connection therewith shall be null and void, except insofar as expressly provided in the Settlement Agreement, and without prejudice to the status quo ante rights of Settlement Class Plaintiff or the Defendants.

29. Neither this Order nor the Settlement Agreement shall constitute any evidence of admission of liability by any Defendant, or an admission regarding the propriety of any certification of any particular class for purposes of litigation, nor shall they be offered into evidence in this or any other proceeding except to consummate or enforce the Settlement Agreement or the terms of this Order, or by any Released Party in connection with any action asserting Released Claims.

\_\_s/Yvette\_Kane_____
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania