## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVEN BASILE, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>STREAM ENERGY PENNSYLVANIA, LLC, et al.,<br><br>Defendants. | Case No. 1:15-CV-01518-YK<br><br>**CLASS ACTION**<br><br>**(HON. YVETTE KANE)** |

## FINAL JUDGMENT AND ORDER OF DISMISSAL

This matter came before the Court for hearing, on September 28, 2018, pursuant to the Order of this Court, dated May 31, 2018 ("Preliminary Approval Order") (ECF No.'s 83 and 84), and on the application of the Plaintiff for a judgment finally approving the Settlement that is set forth in *Plaintiff's Unopposed Motion For Preliminary Approval Of Class Action Settlement* dated January 2, 2018, (collectively, including the Exhibits, the "Settlement Agreement"), (ECF Nos. 81 through 81-10). Due and adequate notice having been given to the Settlement Class as required in said Preliminary Approval Order, and the Court having considered all papers filed and proceedings had for this matter and otherwise being fully informed in the premises and good cause appearing thereupon, IT IS HEREBY ORDERED, ADJUDGED AND DECREED as

{00188452 }

follows:

1.    This Final Judgment and Order of Dismissal incorporates by reference the Preliminary Approval Order (ECF No.'s 83 and 84). This Final Judgment and Order of Dismissal further incorporates by reference the definitions in the Settlement Agreement (specifically, ECF No. 81-1) and unless otherwise specified herein all capitalized terms contained in this Final Judgment and Order of Dismissal shall have the meanings attributed to them in the Settlement Agreement.

2.    For purposes of effectuating this Settlement only, the Court hereby Orders final certification of the proposed Settlement Class, having found that the requirements of Rule 23 of the Federal Rules of Civil Procedure are met. The Settlement Class is defined as:

> All persons in the Commonwealth of Pennsylvania who were enrolled as a customer of Defendants and were on Defendants' Variable Rate Electricity Plan at any time during the Class Period.

Excluded from the Settlement Class are:

> Defendants, any entities in which Defendants have a controlling interest, and any of their parents, subsidiaries, affiliates, officers, and directors; the presiding judge(s) in this case and her(their) immediate family; and any person who has previously released claims against Defendants, including but not limited to persons who released claims against Defendants pursuant to the settlement of a complaint submitted to the Pennsylvania Public Utility Commission (PUC).

3.    Defendants have agreed to a settlement structure which provides the following benefits to Settlement Class Members who submit valid and timely

{00188452 }                                    2

Claim Forms:

> i. A Settling Class member who was on Stream's Variable Rate Electricity Plan at any point between June 1, 2011 and February 29, 2015 (Time Period 1) will receive payment in the amount of 5% of all amounts he or she paid to Stream for service provided under the Variable Rate Electricity Plan during Time Period 1.
>
> ii. A Settling Class member who was on Stream's Variable Rate Electricity Plan at any point between March 1, 2015 and the date of preliminary approval (Time Period 2) will receive payment in the amount of 2% of all amounts he or she paid to Stream for service provided under the Variable Rate Electricity Plan during time Period 2.

4. A list of those persons who timely and validly filed requests for exclusion from the Settlement Class is attached as Exhibit "C" to the Declaration of Settlement Administrator (ECF No. 93). The persons appearing on Exhibit "C" to the Declaration of Settlement Administrator shall not be members of the Settlement Class and shall have no right to receive any portion of the Settlement. All members of the Settlement Class (whether or not he, she or it submits a valid Claim Form) who have not validly excluded themselves from the Settlement Class shall be bound by all determinations and judgments concerning the Settlement Agreement and the Settlement contemplated thereby.

5. The Court appoints Plaintiff Steven Basile to serve as representative of the Settlement Class ("Class Representative"). The Court appoints the law firms of Kohn, Swift & Graf, P.C., and Marcus & Mack, P.C. as Class Counsel for the Settlement Class.

6.      Solely for the purposes of effectuating the Settlement, with respect to the Settlement Class and pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court further finds and concludes that:

a)      Certification of the Settlement Class is warranted because: (i) the members of the Settlement Class are so numerous that joinder is impracticable; (ii) there are questions of law and fact common to the Settlement Class; (iii) Plaintiff's claims present issues that are typical of the proposed Settlement Class; and (iv) the Plaintiff and Class Counsel fairly and adequately represent and protect the interests of the Settlement Class. The Court further finds that for purposes of this Settlement, issues of law and fact common to the Settlement Class predominate over issues affecting only individual Settlement Class members and that settlement of this action is superior to other means available for fairly and efficiently adjudicating the controversy. The Court also concludes that, because this Action is being settled rather than litigated, the Court need not consider manageability issues that might be presented by the trial of a class action involving the issues in this Action.

b)      Notice has been provided to the Settlement Class of the pendency of this Action, the conditional certification of the Settlement Class for

{00188452 }                                    4

purposes of this Settlement, and the preliminary approval of the Settlement Agreement and the Settlement contemplated thereby. The Court finds that the notice provided was the best notice practicable under the circumstances to all persons entitled to such notice and fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process.

c)   The Court finds that the claims administration plan described in the Settlement Agreement fairly and adequately addresses the matters of settlement administration, claims submission and provision of the Settlement to Authorized Claimants.   To become an Authorized Claimant to the Class Settlement, a Settlement Class member must submit a claim in the manner set forth in the instructions accompanying the Claim Form. The Claims Administrator shall provide the appropriate Settlement distribution to Authorized Claimants in accordance with the claims administration plan and the Settlement Agreement.

d)   All Settlement Class members whose claims are not approved (including, without limitation, anyone who does not submit a Claim Form by the end of the Claims Period) will be barred from receiving any distribution from the Settlement, but in all other respects will be

bound by all of the terms of the Settlement Agreement and the terms of this Final Judgment and Order of Dismissal, including without limitation, the releases provided for in the Settlement Agreement and in this Order, and will be barred from bringing or prosecuting any action against the Released Persons concerning the Released Claims.

e)   The Court finds that the Settlement Agreement was arrived at in good faith following extensive arm's-length negotiations between experienced counsel, and the Settlement is fair, reasonable and adequate as to the Settlement Class within the meaning of Rule 23 of the Federal Rules of Civil Procedure. The Court therefore approves the Settlement Agreement and the Settlement contemplated thereby in all respects, and orders the Parties to perform in accordance with its terms to the extent the Parties have not already done so.

f)   This Action and all of the Released Claims are dismissed with prejudice. The Parties are to bear their own costs, except as otherwise provided in the Settlement Agreement.

g)   Upon the Effective Date, the Plaintiff and the Settlement Class shall be deemed to have, and by operation of this Final Judgment and Order of Dismissal shall have, fully, finally, and forever released,

relinquished and discharged the Released Persons from all Released Claims.

h) The Court further orders that (a) all proceedings in the Action are stayed, other than proceedings in furtherance of the Settlement; and (b) all Settlement Class members and all persons acting or purporting to act on behalf of any Settlement Class member(s), who did not timely and properly opt-out from the Settlement Class in accordance with the court-ordered procedures, are enjoined under applicable law, including but not limited to the All Writs Act, 28 U.S.C. 1651, the Anti-Injunction Act, 28 U.S.C. 2283, and Federal Rule of Civil Procedure 65, from commencing or prosecuting any action, suit, proceeding, claim, or cause of action (except those based on personal injury), in any jurisdiction, court or forum against a Released Party relating to or arising out of the subject matter of the Action.

i) Neither the Settlement Agreement, nor the fact or any terms of the Settlement, is evidence, or an admission or concession by any Party, any Released Person or any signatory to the Settlement Agreement, of any fault, liability or wrongdoing whatsoever, as to any facts or claims alleged or asserted in the Action, or any other actions or proceedings. The Settlement Agreement is not a finding or evidence of the validity

{00188452 }                                                            7

or invalidity of any claims or defenses in the Action or any wrongdoing by the Defendants or any damages or injury to any Settlement Class member. Neither the Settlement Agreement, nor any of the terms and provisions of the Settlement Agreement, nor any of the negotiations or proceedings in connection therewith, nor any of the documents or statements referred to therein, nor the Settlement, nor the fact of the Settlement, nor the Settlement proceedings, nor any statements in connection therewith: (i) will (A) be argued to be, used or construed as, offered or received in evidence as, or otherwise constitute an admission, concession, presumption, proof, evidence, or a finding of any liability, fault, wrongdoing, injury or damages, or of any wrongful conduct, acts or omissions on the part of any of the Released Persons, or of the validity or infirmity of any defense, or of any damage to Plaintiff or any Settlement Class member; or (B) otherwise be used to create or give rise to any inference or presumption against any of the Released Persons concerning any fact alleged or that could have been alleged, or any claim asserted or that could have been asserted in the Action, or of any purported liability, fault, or wrongdoing of the Released Persons or of any injury or damages to any person; or (ii) will otherwise be admissible, referred

{00188452 }                                            8

to or used in any proceeding of any nature, for any purpose whatsoever, except in connection with consummating or enforcing the Settlement Agreement, the Preliminary Approval Order, or this Final Judgment and Order of Dismissal.

j) The Court finds that an award of attorneys' fees and costs in an amount not to exceed $1,050,000.00 is fair and reasonable. The award of attorneys' fees and costs to Class Counsel is separate and apart from any amounts paid to Eligible Class Members and the Named Plaintiff Enhancement Award. Therefore, pursuant to the Settlement Agreement, Defendants agree to pay the amount awarded by the Court to Class Counsel up to $1,050,000 within twenty (20) business days of the latest date of the following: (1) the Effective Date; (2) the date that the time for taking an appeal from the order awarding the fees has expired, with no appeal being filed; or (3) if an appeal is taken from the order awarding the fees, the highest court to which such appeal may be taken affirms the order awarding the fees. Notwithstanding anything contained in this Agreement that might be construed to the contrary, it is understood by the Parties and Class Counsel that attorneys' fees, costs and expenses, in the amount awarded by the Court up to $1,050,000, are the only such fees, costs

{00188452 }                                              9

and expenses that Defendants will pay in connection with this Settlement.

k) The Court further finds that a Named Plaintiff Enhancement Award of $5,000.00 to the Class Representative is fair and reasonable, which Named Plaintiff Enhancement Award shall be paid separately by Defendants within twenty (20) business days of the latest date of the following: (1) the Effective Date; (2) the date that the time for taking an appeal from the order awarding the Named Plaintiff Enhancement Award has expired, with no appeal being filed; or (3) if an appeal is taken from the order awarding the Named Plaintiff Enhancement Award, the highest court to which such appeal may be taken affirms the order awarding the Named Plaintiff Enhancement Award.

l) Pursuant to the agreement of the Parties, the Court hereby severs the above Fee and Expense Award from this Final Judgment and Order of Dismissal so that it shall immediately become a separate and independent Order and not part of this Final Judgment and Order of Dismissal.

m) Without affecting the finality of this Final Judgment and Order of Dismissal in any way, this Court hereby retains continuing jurisdiction over: (i) implementation of the Settlement and the claims

administration plan, including without limitation, administrative
determinations of the Settlement Administrator or Defendants
accepting and rejecting claims and any provision regarding payment
of the Settlement; (ii) the payment of attorneys' fees and expenses;
and (iii) both Parties and the Parties' Counsel for the purpose of
construing, enforcing, and administering the Settlement Agreement.

n)    If (i) said Final Judgment and Order of Dismissal is reversed or (ii)
      the Effective Date otherwise does not occur, then, in any such event:

      1)    The Settlement Agreement , and all orders entered and releases
            delivered in connection with the Settlement, including without
            limitation the certification of the Action as a Settlement Class
            Action, the Preliminary Approval Order, this Final Judgment
            and Order of Dismissal and the Fee and Expense Award, will
            be null and void and of no further force or effect, without
            prejudice to either Party, and may not be introduced as
            evidence, referred to, or used as the basis for any arguments or
            taking any position whatsoever in any actions or proceedings by
            any person or entity, in any manner or for any purpose,
            including but not limited to claim preclusion (res judicata),
            issue preclusion (collateral estoppel) or judicial estoppel; and

{00188452 }                          11

2)  Each Party will be restored to her or its respective position as of the date the Settlement Agreement was signed (December 27, 2017) and they will proceed in all respects as if the Settlement Agreement had not been circulated, the Settlement Agreement had not been entered into, and the related orders had not been entered, and in that event all of their respective claims and defenses as to any issue in the Action will be preserved without prejudice in any way.

3)  In addition, the Released Persons shall retain all substantive and procedural rights and defenses, including but not limited to the right to take any action and take any position in opposition to certification of a litigation class action, which rights and defenses shall not be affected by the doctrines of judicial estoppel, issue preclusion (collateral estoppel) or claim preclusion (res judicata), or any other doctrine, or waived, limited, or prejudiced in any way whatsoever by the Parties' efforts to obtain approval of the certification of a Settlement Class action, the Settlement, and the Settlement Agreement.

SO ORDERED, this 28th day of September, 2018

Yvette Kane
U.S. DISTRICT JUDGE